IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISRAEL DIAZ | : | CIVIL ACTION |
| | : | NO. 10-5939 |
| v. | : | |
| | : | |
| SERGEANT WILLIAM ABERTS | : | |
| OFFICER RODNEY SIMIONE | : | |
| | : | |
| | : | |

## ORDER

AND NOW this 28th day of May, 2013, upon consideration of the five motions in limine brought by plaintiff Israel Diaz (Dkt. Nos. 47-51) and defendant Sergeant William Aberts and Officer Rodney Simione's responses thereto (respectively, Dkt. Nos. 57-61), it is ORDERED that:

1) Diaz's motion to exclude evidence of Diaz's prior prison conduct (Dkt. No. 50) is GRANTED in part and DENIED in part. Diaz's alleged prior conduct or discipline while incarcerated is admissible pursuant to Federal Rule of Evidence 404(b) only to the extent:

   a. That the conduct involved violence or threats of violence toward other inmates or staff, and defendants and/or nonparty corrections officer witnesses had personal knowledge of such before the May 14, 2012 incident.

   b. Such evidence is admitted only for the limited purpose of establishing defendants' knowledge and state of mind on May 14, 2010 before they applied force against Diaz.

   c. Extrinsic evidence of Diaz's prior prison misconduct is not admissible but specific instances may on cross-examination be inquired into if they are probative of Diaz's character for truthfulness. Fed. R. Evid. 608.

2) Diaz's motion to exclude evidence of Diaz's prior criminal convictions (Dkt. No. 51) is GRANTED in part and DENIED in part as follows:
   a. Defendants and the nonparty corrections officers are precluded from testifying or offering extrinsic evidence of Diaz's prior convictions pursuant to Federal Rule of Evidence 404(b) because they lacked personal knowledge of those convictions on or prior to May 14, 2010 and thus no proper purpose exists for admitting them as evidence.
   b. Pursuant to Federal Rule of Evidence 609:
      i. Diaz's prior conviction for false identification to law enforcement is admissible against Diaz, should he testify, for the purpose of attacking Diaz's character for truthfulness. Fed. R. Evid. 609(a)(2).
      ii. Diaz's other prior convictions are not admissible to attack Diaz's character for truthfulness because the risk of prejudice to Diaz substantially outweighs the probative value of them as to Diaz's character for truthfulness. Fed. R. Evid. 609(a)(2); Fed. R. Evid. 403.
3) Diaz's motion to exclude evidence of Defendants' prior good acts, employment disciplinary records or involvement in prior lawsuits (Dkt. No. 49) is GRANTED.
4) Diaz's motion to preclude any comments by defense counsel or questioning of defendants regarding defendants' feelings about being sued at trial (Dkt. No. 47) is GRANTED.
5) Diaz's motion to preclude any "Golden Rule" comments (Dkt. No. 48) is DENIED.

*T. N. O'Neill*
THOMAS N. O'NEILL, JR., J.